**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BELLE PASS MARINE TRANSPORTATION L.L.C.** | **Civil Action No.** |
| **VERSUS** | |
| **PELICAN MARINE LOGISTICS, LLC, and RIGID CONSTRUCTORS, LLC,** | **Section** |

# COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Belle Pass Marine Transportation, L.L.C., which file this Complaint against Pelican Marine Logistics, LLC and Rigid Constructors, LLC and allege upon information and belief as follows:

## Parties

1.

Plaintiff Belle Pass Marine, LLC ("BPM"), is a Louisiana limited liability company, with its registered office and principal place of business location in the Parish of Lafourche, State of Louisiana.

2.

Defendant, Pelican Marine Logistics, LLC ("Pelican"), is a Louisiana limited liability company with its registered office and principal place of business located in the Parish of Ascension, State of Louisiana, headquartered and/or domiciled at 7399 Highway 44, Suite A, Gonzales, Louisiana 70737, with its mailing address at 7616 Johnston Street, Maurice, Louisiana 70555. See Louisiana Secretary of State business search report, dated September 21, 2026, a copy of which is attached hereto and made a part hereof as Exhibit "P-1."

3.

Defendant, Rigid Constructors, LLC ("Rigid"), is a Louisiana limited liability company with its registered office and principal place of business located in the Parish of Vermilion, State of Louisiana, headquartered and/or domiciled at 7616 Johnston Street, Maurice, Louisiana 70555, which is also its mailing address. See Louisiana Secretary of State business search report, dated September 21, 2026, a copy of which is attached hereto and made a part hereof as Exhibit "P-2."

**Jurisdiction**

4.

The maritime contracts at issue in this case are a Master Bareboat Charter Agreement and Option to Purchase and Amendment to Master Bareboat Charter Agreement and Option to Purchase, and involved the charter of a tug, the M/V MISS PEYTON, for use in marine transportation of cargo on the waterways of the United States. As such, this case is brought under the Court's Admiralty and Maritime subject matter jurisdiction pursuant to 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

**Venue**

5.

Venue is proper in this Court as the Master Bareboat Charter Agreement and Option to Purchase and the Amendment to Master Bareboat Charter Agreement and Option to Purchase at issue were executed in part in Lafourche Parish, Plaintiff is located in Lafourche Parish, and the vessel was located in Lafourche Parish at the time of the filing of this Complaint. In addition, the contract at issue provides:

> This Charter shall be interpreted according to the statues and case law of the Admiralty and Maritime Law of the United States of America where applicable and otherwise by the law of the State of Louisiana.

6.

Venue is also proper in this Court pursuant to the following provision in the Master Bareboat Charter Agreement and Option to Purchase, which provides:

> The state and federal courts of the State of Louisiana shall have jurisdiction over the parties and shall be the exclusive venue(s) to resolve any disputes regarding this Charter.

**Underlying Contracts**

7.

Plaintiff is the owner of the M/V MISS PEYTON.

8.

On information and belief, Rigid and/or Pelican, were contracted to perform work required under various construction contracts related to construction projects, which involved the transportation oof cargo including materials and equipment for the construction projects.

**Count One**

**Breach of Master Bareboat Charter Agreement and Option to Purchase**

9.

In or around January or February of 2026, Pelican and/or Rigid contacted BPM for the purpose of chartering the M/V MISS PEYTON to satisfy Pelican's and/or Rigid's obligations under various construction contracts.

10.

On or about February 5, 2026, BPM and Pelican and/or Rigid, as owner and charterer respectively, entered into and signed a Master Bareboat Charter Agreement and Option to Purchase, dated February 5, 2026, relating to the M/V MISS PEYTON, together with all appurtenances, equipment, and accessories thereon (collectively, the "MISS PEYTON"). After commencement of the Charter, Pelican and/or Rigid were having difficulty making payments to BPM, and Pelican and/or Rigid requested that the payment terms of the Master Bareboat Charter

Agreement and Option to Purchase be amended. The parties then agreed to the Amendment to Master Bareboat Charter Agreement and Option to Purchase, dated April 2, 2026 (the Master Bareboat Charter Agreement and Option to Purchase and the Amendment to Master Bareboat Charter Agreement and Option to Purchase are collectively referred to herein as the "MISS PEYTON Charter"). A true, correct, and complete signed copy of the MISS PEYTON Charter is attached hereto and made a part hereof as Exhibit "P-3."

11.

Pursuant to the MISS PEYTON Charter, BPM delivered the MISS PEYTON to Pelican and/or Rigid in Larose, Louisiana in the Parish of Lafourche, and Pelican and/or Rigid agreed to pay BPM Marine $1,250.00 per day as the Charter Hire for said vessel. The total Charter Hire from the 1st day through the 14th day of each month was payable and due on the 1st day of the month, and from the 15th day through the last day of the month was payable and due on the 15th day of each month, plus an one (1%) percent per month late fee on overdue invoices until paid.

12.

Pursuant to the MISS PEYTON Charter, the Term of the MISS PEYTON Charter commenced on February 5, 2026 and terminates on March 5, 2027.

13.

BPM has complied with all of its obligations set forth in the MISS PEYTON Charter.

14.

At the commencement of the charter, the MISS PEYTON underwent an On-Charter Survey documenting the MISS PEYTON'S condition.

15.

In August 2026, Pelican and/or Rigid defaulted on the MISS PEYTON Charter by failing to pay Charter Hire. Therefore, in September 2026, pursuant to the terms of the MISS PEYTON

Charter, BPM took repossession of the vessel expending reasonable and necessary costs to retake the vessel.

16.

After retaking the MISS PEYTON, BPM had the MISS PEYTON surveyed, with representatives of Pelican and/or Rigid present, at Allied Shipyard in Golden Meadow, Louisiana. Surveyors determined that the MISS PEYTON and items onboard the MISS PEYTON required repairs to restore the MISS PEYTON and items onboard the MISS PEYTON to the condition they were in at the time of the On-Charter Survey.

17.

On information and belief, Pelican and/or Rigid caused the MISS PEYTON to be involved in several incidents and casualties causing damage to the MISS PEYTON including but not limited to an incident on or about May 2, 2025 wherein the MISS PEYTON and its tow allided with the Northeast Longwall at the Calcasieu Lock in Calcasieu, Louisiana.

18.

On information and believe, Pelican and/or Rigid caused damage to the MISS PEYTON beyond ordinary wear and tear, including but not limited to the following:

a. damage to the port and starboard main engines;

b. damage to the port and starboard shafts;

c. damage to the port and starboard propellers;

d. damage to the port and starboard rudders;

e. damage to the hull;

f. damage to the fuel tank;

g. other structural damage; and

h. damage to the MISS PEYTON's appurtenances.

19.

On information and belief, the cost of repairs to restore the MISS PEYTON and items onboard the MISS PEYTON to the condition they were in at the time of the On-Charter Survey is in excess of $600,000.00.

20.

Pursuant to the MISS PEYTON Charter, Pelican and/or Rigid is required to make and/or pay for the repairs necessary to restore the MISS PEYTON and items onboard to the condition they were in at the time of the On-Charter Survey

21.

Pelican and/or Rigid paid Charter Hire through August 15, 2026, but have failed to pay any additional Charter Hire. Per the term of the MISS PEYTON Charter, Charter hire in the amount of $1,2500.00 per day is due through March 5, 2027. Therefore, Pelican and/or Rigid owe the remaining 202 days of Charter Hire to BPM in the total principal amount of $252,500.00, and one (1%) percent per month late fee on all overdue invoices for the MISS PEYTON Charter (the "BPM Amount Due").

22.

As of September 21, 2026, Pelican and/or Rigid had not paid for and/or performed repairs to the MISS PEYTON to restore the MISS PEYTON and the items onboard the MISS PEYTON to the condition they were in at the time of the On-Charter Survey and has not paid for the cost incurred to retake possession of the MISS PEYTON.

23.

In accordance with the MISS PEYTON Charter, Charter Hire shall continue until the repairs are completed.

24.

In spite of amicable demand by BPM, Pelican and/or Rigid has failed to pay the BPM Amount Due, or any portion thereof, and has failed to accept responsibility for payment and/or performance of the repairs needed to restore the MISS PEYTON and items onboard the MISS PEYTON to the condition they were in at the time of the On-Charter Survey, all of which constitute events of default under the MISS PEYTON Charter.

25.

By failing to pay the BPM Amount Due and failing to accept responsibility for payment for and/or performance of repairs to the MISS PEYTON and items onboard the MISS PEYTON to restore them to the condition they were in at the time of the On-Charter Survey, Pelican and/or Rigid has breached the MISS PEYTON Charter with BPM.

26.

As a result of Pelican's and/or Rigid's breach of the MISS PEYTON Charter, Pelican and/or Rigid are liable to BPM in the total principal amount of $202,500.00, plus an one (1%) percent per month late fee on all overdue invoices for the MISS PEYTON Charter; ongoing Charter Hire until the repairs to restore the MISS PEYTON and items onboard the MISS PEYTON to the condition they were in at the time of the On-Charter Survey are complete; and the cost to BPM to retake possession of the MISS PEYTON.

**Count Two**

**Alter Ego Liability of All Defendants**

27.

All of the allegations set forth above are re-alleged and copied herein in extenso.

28.

Pursuant to the alter ego doctrine or theory of liability, defendants, Pelican and Rigid, are liable (a) to BPM, jointly, severally, and in solido, for the unpaid amounts owed to BPM and for the cost of repairs to the MISS PEYTON, as set forth in paragraph 26 above.

29.

Defendants constitute a de facto single business enterprise and/or are alter egos of each other due to the lack of separateness and/or virtual abandonment of separateness between or among defendants, commonality of ownership and management between or among defendants, commonality of company headquarters and mailing addresses between or among defendants, treating the indebtedness owed to BPM by one defendant, Pelican, as the indebtedness of the other defendant, Rigid, and other facts that plaintiffs may discover during these proceedings. For example:

a. Pelican Marine Logistics, LLC and Rigid Constructors, LLC have the same mailing address (see Exhibits "P-1" and "P-2"); and

b. Pelican Marine Logistics, LLC and Rigid Constructors, LLC have the same Agents of Service(see Exhibits "P-1" and "P-2");

30.

In addition, the MISS PEYTON Charter was signed by Shane Dupre, as "President" for Pelican; however, Mr. Dupre's email address is shane.dupre@rigidconstructors.com. See MISS PEYTON Charter (Exhibits "P-3,"), and email attached hereto and made a part hereof as Exhibit "P-4."

31.

Aaron Guidry, General Counsel for Rigid, negotiated, reviewed, and revised the MISS PEYTON Charter. Aaron Guidry's email address is AGuidry@rigidconstructors.com. See emails attached hereto and made a part hereof as Exhibit "P-5."

32.

On information and belief, Rigid paid a portion of the Charter Hire to BPM. The limited Charter Hire paid to BPM was made by Mike Bailey, the Treasury Accounts Payable Specialist for Rigid. Mike Bailey's email address is mbailey@rigidconstructors.com. See emails attached hereto and made a part hereof as Exhibit "P-6."

33.

On information and belief, Rigid procured the necessary insurance policies related to the MISS PEYTON and as required by the MISS PEYTON Charter.

34.

At no time did Rigid take the position that Pelican's indebtedness to BPM for the BPM Amount Due and Charter Hire owed to BPM was not Rigid's indebtedness. Instead, Rigid personnel paid a portion of Charter Hire, which further shows that Pelican and Rigid are not truly separate companies but are in fact one and the same entity, and/or alter egos of each other, and/or a de facto single business enterprise.

35.

At no time did BPM receive any communications from Pelican concerning the BPM Past-Due Amount. Instead, all communications to plaintiff concerning the Charter Hire due and the BPM Amount Due came from Rigid, which further shows the lack of or abandonment of separateness between Pelican and Rigid and/or domination of Pelican by Rigid, which was presumably customary based on the communications described above.

36.

On information and belief, Pelican and Rigid are or may also be undercapitalized. According to a Complaint filed in this Court on May 11, 2026 by Parker Marine Service, LLC against Rigid, Rigid owed and failed to pay the plaintiff in that case the sum of $130,950.00.

Additionally, a Complaint filed in this Court on May 17, 2026 by Florida Marine, LLC and FMT Aggregate, LLC, alleges Pelican and Rigid owed and failed to pay the plaintiffs in that case a sum in excess of $6,000,000.00.

37.

The undercapitalization is further supported by Pelican's and/or Rigid's failure to pay BPM, and Pelican's and/or Rigid's request to Amend the M/V MISS PEYTON Charter to change the terms of payment.

38.

By having Pelican, as a subsidiary or sister company of Rigid, enter into the MISS PEYTON with BPM, without Pelican apparently having the ability to pay BPM for the MISS PEYTON Charter, defendants caused plaintiff to suffer an injustice, and such action was detrimental to plaintiff.

39.

In addition, Rigid induced BPM to enter into the MISS PEYTON Charter with Pelican through their representations that Rigid would be responsible for Charter Hire and that Rigid would be procuring insurance pursuant to the obligations in the MISS PEYTON Charter.

40.

For the reasons set forth above, based on the alter ego doctrine or theory of liability and because defendants are a de facto single business enterprise, defendants, Pelican and Rigid, are liable to BPM, jointly, severally, and in solido, for (a) Pelican's breach of the contracts with BPM and for the BPM Amount Due, in principal and interest; (b) continuing Charter Hire; (c) the cost of repairs to restore the MISS PEYTON and items onboard the MISS PEYTON to the condition they were in at the time of the On-Charter Survey; and (d) the cost incurred by BPM to retake possession of the MISS PEYTON.

**Prayer For Relief**

WHEREFORE, the premises considered,

(a) Plaintiff, Belle Pass Marine Transportation, L.L.C., prays for judgment herein in favor of plaintiff, Belle Pass Marine Transportation, L.L.C., and against defendants, Pelican Marine Logistics, LLC and Rigid Constructors, LLC, jointly, severally, and in solido, in the principal amount of $252,500.00, plus an one (1%) percent per month late fee on all overdue invoices for the MISS PEYTON Charter; the cost of repairs to restore the MISS PEYTON and items onboard the MISS PEYTON to the condition they were in at the time of the On-Charter Survey; Charter Hire until Pelican and/or Rigid make and/or pay for repairs to the MISS PEYTON to restore the MISS PEYTON and items onboard the MISS PEYTON to the condition they were in at the time of the On-Charter Survey; and the cost incurred by BPM to retake possession of the MISS PEYTON, plus all pre- and post-judgment interest and costs of these proceedings; and

Plaintiff further prays for all other general and equitable relief to which plaintiff may be entitled in the premises.

Respectfully submitted:

JOHNSON, YACOUBIAN, & PAYSSE

*/s/ Christopher L. Williams*

Edward S. Johnson (#7289)
Christopher L. Williams (#36086)
Susannah S. Pedalino (#30062)
701 Poydras Street, Suite 4700
New Orleans, Louisiana 70139
Telephone: (504) 528-3001
Facsimile: (504) 528-3030
Email: esj@jyplawfirm.com
clw@jyplawfirm.com
spedalino@jyplawfirm.com
*Attorneys for Belle Pass Marine Transportation, LLC*